UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SETH JOSEPH KEEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00977-WTL-DML |
| | ) | |
| KIM HOBSON, | ) | |
| DR. BYRD, | ) | |
| BANOO, | ) | |
| R. ROBINSON, | ) | |
| LAUREN MILLER, | ) | |
| MICHELLE HADLEY, | ) | |
| RICHARDSON, | ) | |
| N. DUGGAR, | ) | |
| PATRICK, | ) | |
| PORTER, | ) | |
| WRIGHT, | ) | |
| DAVIS, | ) | |
| HIATT, | ) | |
| DENNINGS, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Further Proceedings**

Plaintiff Seth Keel, an inmate at the Westville Correctional Facility, brings this action

pursuant to 42 U.S.C. § 1983 alleging that he was deprived of appropriate medical care while he

was confined at the Wabash Valley Correctional Facility.

**I. Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the Court must then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law.

*Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. Discussion

### A. Allegations of the Complaint

The plaintiff alleges that on November 11, 2017, he had a seizure in his cell and was injured. He notified Officers Wright and Duggar, but they ignored him. A short time later, Officers Wiggins and Richardson escorted him to the medical bay where Nurse Lauren Miller was hostile to him and did not properly treat his injuries.

The next day, he had another seizure and was injured again. Officer J. Porter answered his emergency call and told him she would send an officer to his cell. Officers Rinard and Patrick escorted him to medical. Nurse Hadley failed to properly treat his injuries.

The plaintiff also alleges that he has been reaching out for medical assistance, but Kim Hobson has refused to assist him.

On November 27, 2017, Dr. Byrd prescribed him Depakote and Tylenol for his pain. On December 7, 2017, Dr. Dennings discontinued the Depakote because it causes nausea and eating problems. She ordered an EKG, which has not been performed. Dr. Denning also prescribed Keppra.

Nurse Robinson, Nurse Hadley, and Nurse Miller have all seen the plaintiff for sick call and did not forward his medical requests.

### B. Screening

Based on the screening standard set forth above, the complaint must be dismissed.

The plaintiff asserts that his claims are brought pursuant to the Eighth Amendment. To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). In other words, "conduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, "the defendant must have known that the plaintiff 'was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Freeman*, 394 F.3d 469, 478 (7th Cir. 2005) (*quoting Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)).

First, any claims against Officer Banco, Sergeant Davis, and Lieutenant Hiatt are **dismissed** because, while the plaintiff lists these individuals as defendants, he does not allege any action on the part of these defendants in the body of his complaint. He has therefore failed to state a claim against them. *See Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). ("A defendant can only be liable for the actions or omissions in which he personally participated."). This is the case even if the plaintiff suggests that these defendants had a responsibility as supervisors. *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc) (Mere "knowledge of a subordinate's misconduct is not enough for liability.").

In addition, the plaintiff has failed to state an Eighth Amendment deliberate indifference claim against any of the defendants.

Any claim against Officers Richardson, Porter, and Patrick must be **dismissed** because the plaintiff alleges only that these defendants escorted him to the medical unit upon his request. The plaintiff suggests that these defendants were deliberately indifferent to his needs in violation of his Eighth Amendment rights. But the assertions that these defendants escorted him to the medical unit does not support a reasonable inference that they were aware that he was at risk of harm and ignored it. *See Board*, 394 F.3d at 478.

Next, the claim that Nurses Miller and Hadley ignored the injuries he suffered when he had seizures and failed to treat him is **dismissed**. The plaintiff asserts that he presented to these nurses with wounds from his seizure. He claims that the wounds required disinfection and stitches, but the nurses merely applied a band-aid or steri-strips. These allegations are not sufficient to state an Eighth Amendment claim because the plaintiff has not presented sufficient allegations to raise an inference that his cuts were a serious medical need or that the defendants ignored that need. *See id*. At most, these allegations are that the nurses did not provide him with the treatment he wanted, but such statements do not support a deliberate indifference claim. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Importantly, he does not allege that he suffered any negative consequences from the failure to receive stitches for his injuries.

For the same reasons, any claim that Sergeant Wright and Officer Duggar ignored his emergency call after his seizure is **dismissed**. The plaintiff does not allege sufficient facts to allow a conclusion that he had a serious need at that time that these defendants disregarded. Further, he does not allege that any act on their part resulted in injury to him.

Any claim that Kim Hobson refused to give the plaintiff adequate medical assistance is **dismissed**. This allegation is too vague to raise an inference that Hobson ignored a serious medical need in violation of his Eighth Amendment rights. To the extent the plaintiff refers to

health care requests that are attached to his complaint, he has not provided sufficient facts to support a conclusion that Hobson's responses to his health care requests were inadequate and the Court will not attempt to review the requests and determine independently whether Hobson violated the plaintiff's rights. *Cf. Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013). (The attachments to the complaint can be "stricken without bothering to read."). To state a claim against her, he must provide more facts that would support a conclusion that she violated his rights.

Any claim based on the allegation that Dr. Byrd prescribed the plaintiff Tylenol and Depakote is **dismissed**. Again, the plaintiff has not provided sufficient facts to allow a conclusion that these actions on Dr. Byrd's part were the result of deliberate indifference to his serious medical needs. Similarly, any claim against Dr. Dennings must be **dismissed**. The plaintiff alleges that Dr. Dennings discontinued the Depakote prescription and started a Keppra prescription. He also alleges that Dr. Dennings ordered an EKG, which has not been done. These facts do not raise a right to relief against Dr. Dennings above a speculative level. There are no facts that would permit the Court to conclude that Dr. Dennings has ignored the plaintiff's need for treatment for his seizures or that she has any control over whether he receives and EKG.

Any claim against Nurses Robinson, Hadley, and Miller for their failure to forward his medical health care requests must also be **dismissed.** Again, these facts do not provide enough information to allow the Court to conclude that these defendants can be held liable for deliberate indifference to his serious medical needs.

### III. Conclusion

For the foregoing reasons, the complaint is **dismissed**. The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through May 25, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury. The plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

Any amended complaint should have the proper case number, 1:18-cv-977-WTL-DML and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

The renewed motion to proceed *in forma pauperis*, Dkt. No. 6, is **denied as moot**

because the plaintiff has already been granted leave to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

Date: 4/24/18

Distribution:

SETH JOSEPH KEEL
233782
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana